IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AMELIA HARRIS,<br>        Plaintiff,<br>vs.<br><br>HEALTHCARE SERVICE CORPORATION<br>ENH MEDICAL GROUP, INC., LTD., and<br>MELINA KELLEY,<br><br>        Defendants. | )<br>)<br>)   Court No.: 08 CV 2934<br>)<br>)<br>)<br>)<br>)<br>) |

### DEFENDANT EVANSTON NORTHWESTERN HEALTHCARE MEDICAL GROUP, INC.'S MOTION TO DISMISS

NOW COMES Defendant, EVANSTON NORTHWESTERN HEALTHCARE MEDICAL GROUP, INC., by and through its attorneys, CUNNINGHAM, MEYER & VEDRINE, P.C., and hereby moves this Honorable Court to Dismiss Count II of Plaintiff's Complaint at Law pursuant to Federal Rule 12(b)(6) (Fed. R. Civ. P. 12(b)(6)). In support thereof, this defendant states as follow:

1.      On May 20, 2008, plaintiff filed a complaint in federal court that named Health Care Service Corporation and ENH Medical Group Inc., as defendants. (A copy of Plaintiff's Complaint is attached hereto as Exhibit A.) The complaint concerns the payment for a medical test, a Pet Scan, that Ms. Harris received. The only count of the complaint directed at this defendant is based on promissory estoppel. This state law claim is in federal court because plaintiff alleges that the breach of contract count against Health Care Service Corporation is brought pursuant to the Employee Retirement Income

Security Act (ERISA). Count II must be dismissed because Illinois law does not recognize promissory estoppel as a cause of action or an independent basis for recovery.

2. "In Illinois promissory estoppel is available only as a defense (i.e., as a shield), not as a cause of action (i.e., as a sword)." DeWitt v. Fleming, 828 N.E.2d 756, 758 (2005). The DeWitt court reaffirmed the holding in ESM Dev. Corp. v. Dawson, 795 N.E.2d 397, 402 (2003). The court in ESM held that promissory estoppel is not a cause of action in the State of Illinois. ESM Dev. Corp., 795 N.E.2d at 402; DeWitt, 828 N.E.2d at 756. Both of the aforementioned cases also held that promissory estoppel does not form the basis for a damages claim. DeWitt, 828 N.E.2d at 756; ESM Dev. Corp., 795 N.E.2d at 403. The Northern District's most recent ruling on this issue has followed and affirmed the DeWitt and ESM holdings. "The doctrine of estoppel is to be utilized as a shield and not a sword." Cont'l Mktg. v. Home Depot U.S.A., Inc., 2008 U.S. Dist. LEXIS 52886, * 6-7 (N.D. Ill. July 10, 2008). Promissory estoppel is not an "independently cognizable claim under Illinois law." Id. at * 7.

3. Thus, Count II of plaintiff's complaint must be dismissed. Plaintiff has pleaded promissory estoppel as an independent cause of action and is seeking monetary damages from this defendant on the basis of promissory estoppel alone. As referenced above, promissory estoppel is not an independently cognizable claim under Illinois law. Count II must be dismissed because plaintiff has failed to set forth a valid cause of action against this defendant.

WHEREFORE, Defendant, EVANSTON NORTHWESTERN HEALTHCARE MEDICAL GROUP INC., by and through its attorneys, respectfully requests that this

Honorable Court dismiss Count II of Plaintiff's Complaint at Law pursuant to Federal Rule 12(b)(6) (Fed. R. Civ. P. 12(b)(6)).

        Respectfully submitted,

        */s/ Kipp B. Cornell*

        One of the Attorneys for Defendant,
        ENH Medical Group, Inc.

Michael R. Slovis
Kipp B. Cornell
CUNNINGHAM, MEYER & VEDRINE, P.C.
111 W. Washington Street - Suite 937
Chicago, Illinois 60602
(312) 578-0049

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| AMELIA HARRIS, | ) | CIVIL ACTION |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. FILED: MAY 20, 2008 |
| v. | ) | 08CV2934  PH |
| | ) | JUDGE GOTTSCHALL |
| HEALTH CARE SERVICE | ) | MAGISTRATE JUDGE VALDEZ |
| CORPORATION, and | ) | |
| ENH MEDICAL GROUP INC., | ) | |
| | ) | |
| Defendants. | ) | |

### COMPLAINT

AMELIA HARRIS ("Plaintiff"), by and through her attorneys, for her complaint (the "Complaint") against HEALTH CARE SERVICE CORPORATION, ("Blue Cross") and ENH MEDICAL GROUP INC. ("ENH Medical Group") (collectively, the "Defendants"), states as follows:

### THE PARTIES

1. Plaintiff is covered by a preferred provider option health insurance group plan provided by Blue Cross Blue Shield of Illinois, a division of Defendant Health Care Service Corporation (the "BCBS Plan").

2. Defendant Health Care Service Corporation is an Illinois not-for-profit corporation with its principal place of business located at 300 East Randolph Street, Chicago, Illinois 60601.

3. Defendant ENH Medical Group, Inc. is an Illinois corporation with its principal place of business located at 1301 Central Street, Evanston, Illinois 60201.



## JURISDICTION AND VENUE

4. This Court has jurisdiction over this civil action pursuant to 29 U.S.C. § 1132 as an action arising under Section 502 of the Employee Retirement Income Security Act ("ERISA").

5. Venue is proper pursuant to 29 U.S.C. § 1132 (e).

## BACKGROUND

### Background Facts

6. Plaintiff is a cancer survivor having had a brain tumor removed in April 1999.

7. Plaintiff's family has a history of esophageal cancer, and her mother died of esophageal cancer in July 2006, approximately three months after the cancer was discovered.

8. On or about December 11, 2006, Plaintiff was examined by Dr. Aron Feinberg, a member of Defendant ENH Medical Group in connection with symptoms of back pain.

9. Dr. Feinberg and ENH Medical Group are approved providers under the BCBS Plan.

10. On or about December 11, 2006, Dr. Feinberg placed an order with Evanston Northwestern Healthcare Corporation ("ENH") to have Plaintiff take a Pet Scan.

11. The Pet Scan was medically necessary and was for the purpose of determining if the pains Plaintiff was experiencing could be related to esophageal cancer or an occurrence of another type of cancer.

12. ENH is an approved provider under the BCBS Plan.

13. Plaintiff was advised by Dr. Feinberg that any needed pre-approvals would be handled by ENH Medical Group's pre-certification department or by ENH.

14. Plaintiff has received benefits under the BCBS Plan for over 10 MRI scans and other outpatient tests preformed by ENH and ENH Medical Group, and was never required to personally obtain a pre-approval.

15. Plaintiff had the Pet Scan performed at ENH on or about December 21, 2006, and claims for services (the "Services") were submitted to Blue Cross by ENH for $4,261.00 and by Radiation Medicine Institute (a preferred provider of Blue Cross) for $450.00.

16. Blue Cross denied the claims and denied Plaintiff's appeal of such denials on the grounds that the test was not medically necessary.

17. Plaintiff has paid Radiation Medicine Institute the sum of $160.00 in full settlement for its services.

18. Plaintiffs have exhausted all administrative remedies to have this matter resolved.

## COUNT I
## FOR BREACH OF CONTRACT AGAINST DEFENDANT BLUE CROSS

19. Plaintiff realleges and incorporates by reference all the allegations in Paragraphs 1 through 18 of the Complaint.

20. The BCBS Plan constitutes a valid, binding and enforceable agreement between Plaintiff and Blue Cross to pay benefits for health care expenses incurred by Plaintiff.

21. Plaintiff performed all of her obligations under the agreement.

22. Blue Cross failed to perform its obligations by refusing to pay its preferred providers ENH and Radiation Medicine Institute at the agreed contracted rates for the services provided to Plaintiff on December 21, 2006.

23. Blue Cross has refused to satisfy its obligations by paying the balance in full or at the agreed contracted rates to ENH and Radiation Medicine Institute, or to Plaintiff, thereby breaching the agreement.

24. As a direct and proximate result of Blue Cross' breach of the agreement, Plaintiffs suffered monetary damages in the amount of $4,421.00.

25. In addition, Plaintiffs continue to incur damages due to bringing this action to recover the amounts owed by Blue Cross.

## COUNT II
## FOR PROMSSORY ESTOPPEL AGAINST DEFENDANT ENH MEDICAL GROUP

26. Plaintiff realleges and incorporates by reference all the allegations in Paragraphs 1 through 18 of the Complaint.

27. Dr. Feinberg was an authorized agent of ENH Medical Group and ENH Medical Group is bound by the promises and representations he made to Plaintiff.

28. Plaintiff, to her detriment, reasonably relied on the representations made by ENH Medical Group's agent, Dr. Feinberg, that ENH Medical Group or ENH would obtain any necessary approvals from Blue Cross in connection with the Services.

29. Had Dr. Feinberg not told Plaintiff that ENH Medical Group or ENH would obtain any necessary approvals from Blue Cross in connection with the Services, Plaintiff would have obtained the necessary approvals before the Services were performed or Plaintiff would have taken an alternative course of action regarding her back pains.

30. ENH Medical Group failed to perform its obligations by failing to obtain necessary approvals from Blue Cross for the Services.

31. As a direct and proximate result of ENH Medical Group's failure to fulfill its promise to Plaintiff, Plaintiff suffered monetary damages in the amount of $4,421.00.

32. In addition, Plaintiff continues to incur damages due to bringing this action to recover the amounts owed for the Services.

### Reservation of Rights

33.    Plaintiff hereby specifically reserves the right to bring any and all other causes of action that it may maintain against Defendants including, without limitation, causes of action arising out of the same transactions set forth herein.

**WHEREFORE**, Plaintiff respectfully requests that this Court:

A.    Enter judgment in favor of Plaintiff and against Defendant Blue Cross or alternatively against Defendant ENH Medical Group awarding Plaintiff (a) compensatory damages of $4,421.00, and (b) reasonable attorneys' fees, costs and other expenses of litigation, and

B.    Grant Plaintiff such other and further relief as this Court deems just and equitable.

Dated: May 7, 2008

Amelia Harris

By: /s/ Miles V. Cohen
One of Her Attorneys

Eugene S. Kraus (6201457)
Miles Cohen (6242698)
Scott & Kraus, LLC
150 S. Wacker Drive
Suite 2900
Chicago, Illinois 60606
(312) 327-1050
(312) 327-1051 (fax)

Daniel M. Harris, Attorney at Law
2345 Maple Lane
Highland Park, Illinois 60035
(847) 433-8380